IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No: 1:16:CR:329 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SARA LIOI |
| | : | |
| v. | : | MAGISTRATE WILLIAM BAUGHMAN |
| | : | |
| | : | **SUPPLEMENTAL** |
| YAZAN AL-MADANI, | : | **DEFENDANT'S MOTION TO REDUCE** |
| | : | **BOND** |
| Defendant, | : | |
| | : | |

Now comes the Defendant, Yazan Al-Madani, by and through undersigned counsel, Richard J. Perez, Esq., pursuant to 18 U.S.C. § 3142, respectfully supplements his prior request for a bond reduction for the reasons previously stated in Docket Number 40 and Docket Number 64 and incorporated herein and also provides further information concerning a change in Defendant's financial circumstances recently received by defense counsel which further verifies a reduction in Defendant's earning capacity.

Defendant respectfully requests a hearing on this Motion.

Respectfully Submitted,


/s/ Richard J. Perez
_____
RICHARD J. PEREZ, Esq. (0010216)
Attorney for Defendant
Reg. No. 0010216
4230 S.R. 306, Suite 240
Willoughby, OH 44094
Tel:  (440) 953-1310
Facsimile: (440) 953-1427
rick@perezlaw.com

1

# BRIEF IN SUPPORT

**I. STATEMENT OF THE CASE:**

On October 19, 2016, Defendant, Yazan Al-Madani, was indicted in the United States District Court for the Northern District of Ohio, Eastern Division on twenty-one (21) out of thirty-eight (38) counts related to a MetroHealth Medical Center corruption case. The charges pending against Mr. Al-Madani are not offenses of violence, not serious drug offenses, and are not subject to a penalty of life imprisonment. Further, Mr. Al-Madani has no criminal record. On October 28, 2016, Defendant appeared before Magistrate Baughman for the purpose of an Arraignment. At that time, Defendant's bond was set at $250,000.00 cash. At the time of Defendant's Arraignment, the Government did not seek detention pursuant to 18 U.S.C. § 3142(e)(3). On November 9, 2016, Defendant filed a Motion to Reduce Bond. On November 21, 2016, Defendant filed a Motion to Modify Bond.

At this time, Defendant has posted the $250,000.00 cash bond, however, Defendant is respectfully requesting that the bond amount be reduced to $100,000.00 to allow Defendant to have access to additional funds for attorney fees and also daily living expenses due to a change in Defendant's financial circumstances.

**II. LAW AND ARGUMENT:**

Crim. R. 46(a), provides, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern pre-trial release. In turn, 18 U.S.C. § 3142(c)(2) states, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." U.S.C. § 3142(g) outlines several factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of a person.

As previously stated in Defendants first Motion to Reduce Bond, Defendant submits that the history and characteristics of Defendant are in favor of a reduced bond. Defendant has

2

significant ties to the community. The Government has argued in its Oppositions to Defendant's motions to reduce bond, Defendant does not have significant ties to the community because of the suspension from the Medicaid program and decline in business. However, Defendant respectfully disagrees. Defendant's suspension form the Medicaid program and decline in business does not undermine the fact that Defendant is a licensed dentist in the State of Ohio with three dental practices in the Cleveland area. Further, Defendant submits that despite the fact that some of his business loans are now in default due to the current pending charges against him, Defendant has every intention to keep his dental practices open and running during the pendency of this case and beyond. Defendant submits in order to keep his dental practices functioning, he must abide by the orders of this Honorable Court and remain in this Court's jurisdiction. As such, Defendant has significant ties to the community.

Defendant respectfully submits that he is not a flight risk. On October 19, 2016, an Indictment was filed in this case. Over forty (40) days have passed since Defendant was notified of the pending charges against him. Despite Defendant's ties to Jordan, Defendant has remained in this Court's jurisdiction and has made no attempts to leave the City of Cleveland. Moreover, at this time, as a condition of Defendant's bond, he is wearing a GPS device. Pursuant to this Court's order, Defendant is only permitted to leave his home for work purposes, medical appointments, court appearances, attorney visits, and religious services. If Mr. Al-Madani were to even attempt to leave this Court's jurisdiction, he would be promptly apprehended. Furthermore, Mr. Al-Madani previously surrendered his passport to this Court. As such, there is no reason to believe that Mr. Al-Madani is a flight risk.

As Defendant has previously submitted to this Court, the current charges pending against Mr. Al-Madani have greatly impacted the flow of revenue to dental practices. In turn, Mr. Al-Madani's income has decreased since the time of his Arraignment.  In addition to loans that are

3

currently in default, Cigna Healthcare is now considering terminating Defendant's contract as a participating health care professional. *Please see Letter from Cigna attached hereto as Exhibit A.* Defendant is doing the best he can to retain clients and keep his dental practices functioning during this time despite his financial difficulties. As such, a reduction in Defendant's bond would allow him to continue his daily business operations and personal financial obligations.

Defendant respectfully submits that the Government's argument in its Response in Opposition to Defendant Al-Madani's Second Motion to Reduce Bond that if Defendant's bond were reduced by this Honorable Court that the property to be returned may be the property of PNC Bank is completely unfounded. As the Government has previously argued, Defendant has disclosed assets at or approximately $500,000.00. Defendant submits that he, among his co-defendants, have the funds available to pay the requested loan amount, however, using his assets to satisfy the loan will discernibly decrease the amount of his assets. The payment of the PNC loan, coupled with a decrease in business due to his inability to accept Medicaid, and now potential inability to accept Cigna health insurance, Defendant, now more than ever, would significantly benefit from a bond reduction to allow him to keep his dental practices functioning, support himself and his growing family, and pay his attorney fees.

Defendant respectfully submits that he will continue to abide by the conditions of his release as ordered on October 26, 2016. Defendant has been compliant with the terms of his home detention, has surrendered his passport as ordered, and has submitted to Pretrial Services supervision as directed. As such, Defendant respectfully requests a reduction of his bond from $250,000.00 cash to $100,000.00 cash.

### III. CONCLUSION

Defendant, by and through undersigned counsel, respectfully moves this Honorable Court for an Order reducing the bond amount from $250,000.00 cash to a $100,000.00 cash bond, or a reasonable bond that this Honorable Court deems just.

/s/ Richard J. Perez

_____
RICHARD J. PEREZ, Esq.
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing using the Court's system.


      /s/ Richard J. Perez
      _____
      RICHARD J. PEREZ, Esq.
      Counsel for Defendant